IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELHEM NAJIB IBRAHIM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 05-139 |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY; | § | |
| UNITED STATES CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES, | § | |
| KENNETH PASQUARELL, DISTRICT DIRECTOR, | § | |
| SAN ANTONIO; and ALBERTO GONZALES, | § | |
| ATTORNEY GENERAL OF UNITED STATES, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ADDRESSING THREE PENDING MOTIONS

This Order addresses three motions: (1) First Amended Motion to Dismiss or Alternatively Hold in Abeyance ("First Amended Motion to Dismiss"), filed by the defendants on September 16, 2005; (2) Motion to Strike Defendants' First Amended Motion to Dismiss or Alternatively Hold in Abeyance ("Motion to Strike"), filed by the plaintiff on October 7, 2005; and (3) Motion for Leave of Court to File Motion for Default Judgment ("Motion for Leave of Court"), filed by the plaintiff on October 12, 2005.  After reviewing the submissions of the parties, the Court finds that the defendants' First Amended Motion to Dismiss should be DENIED.  The denial makes the plaintiff's Motion to Strike MOOT.  Lastly, the Court finds that the plaintiff's Motion for Leave of Court should be DENIED.

## I.    Background

A detailed account of the relevant facts has been included in the Court's September 13, 2005 Order Addressing "Motion to Dismiss and Alternatively to Hold in Abeyance," therefore, only a

summary of the facts will be provided in this Order.  See <u>Ibrahim v. Dep't of Homeland Sec.</u>, No. Civ. A. C-05-139, 2005 WL 2230152, at *1 (S.D. Tex. Sept. 13, 2005).

On May 5, 2004, the plaintiff filed a naturalization application with the United States Citizenship and Immigration Services (USCIS).  On October 29, 2004, a USCIS officer interviewed the plaintiff and informed the plaintiff that a decision had not been made on his naturalization application.  On March 18, 2005, pursuant to 8 U.S.C. § 1447(b),[1] the plaintiff initiated the instant proceeding, requesting this Court to hold a hearing on the merits of his naturalization application, and if appropriate, to declare him a naturalized United States citizen.  On May 20, 2005, the defendants filed a Motion to Dismiss and Alternatively to Hold in Abeyance.  The Court denied the defendants' Motion on September 13, 2005.

## II.   Discussion

### A.   Defendants' First Amended Motion to Dismiss or Alternatively Hold in Abeyance

The defendants' First Amended Motion to Dismiss is intended to be a "supplement [to the previously filed Motion to Dismiss," which the Court denied on September 13, 2005.  The First Amended Motion to Dismiss, filed subsequent to the Court's denial, states:

. . . on August 19, 2005, the notice to appear was filed in immigration court and removal proceedings have therefore commenced. [The plaintiff] is currently set for an initial hearing in his removal proceedings on October 17, 2005, before Honorable Roxanne [Hladylowycz], immigration judge.  The [defendants], therefore, reassert that [the plaintiff's] suit should be

---

[1] Section 1447(b) of Title Eight of the United States Code provides:
If there is a failure to make a determination . . . before the end of the 120-day period after the date on which the [interview by USCIS] is conducted . . . , the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.
8 U.S.C. § 1447(b).

dismissed or alternatively held in abeyance per 8 U.S.C. § 1429 and 8 U.S.C. § 1503. (Defs.' Am. Mot. Dismiss at 1-2.)

The initiation of removal proceedings on August 19, 2005 is significant, because the Court may now consider an issue not previously ripe for consideration. Specifically, the Court may now consider whether "during the pendency of removal proceedings, a court may consider the merits of a [plaintiff's] naturalization application and issue a decision <u>contingent upon</u> the [plaintiff] prevailing in the removal proceedings." <u>Ibrahim</u>, 2005 WL 2230152, at *4 (emphasis in original). The Court concludes that it may indeed consider the merits of the plaintiff's application.

As indicated in the Court's September 13, 2005 Order, at least "three . . . district courts have held that [pending removal proceedings[2]] did not strip them of jurisdiction, and have proceeded to consider the merits of the alien's [naturalization] application." <u>Ibrahim</u>, 2005 WL 2230152, at *4 (citing <u>Ngwana v. Attorney General of United States</u>, 40 F. Supp. 2d 319 (D. Md.1999); <u>Gatcliffe v. Reno</u>, 23 F. Supp. 2d 581 (D. V.I. 1998); <u>Saad v. Barrows</u>, No. Civ. A. 3:03-CV-1342G, 2004 WL 1359165 (N.D. Tex. June 16, 2004)). The rationale is that the defendants "should not be allowed to thwart de novo judicial review by placing [a naturalization] applicant in removal proceedings." <u>Ibrahim</u>, 2005 WL 2230152, at *4. Following the same reasoning, the Court concludes that it has jurisdiction to consider the plaintiff's naturalization application, notwithstanding the pending removal proceedings. The Court notes that the plaintiff was not placed in removal proceedings when he filed the naturalization application on May 5, 2004, nor was he placed in removal proceedings when he

---

[2] Section 1429 of Title Eight of the United States Code provides:
[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act[.]
8 U.S.C. § 1429.

invoked the Court's jurisdiction under 8 U.S.C. § 1447(b) to review his naturalization application on March 18, 2005. The defendants informed the Court of removal proceedings against the plaintiff days after the Court issued its September 13, 2005 Order denying the defendants' Motion to Dismiss.[3] The timing of the commencement of removal proceedings appears suspicious.

The Court will not allow the defendants "to thwart de novo judicial review by placing [the plaintiff] in removal proceedings." The Court finds that pursuant to 8 U.S.C. § 1447(b) it has jurisdiction to consider the merits of the plaintiff's naturalization application, and issue a decision contingent upon the plaintiff prevailing in the removal proceedings. The Defendants' First Amended Motion to Dismiss or Alternatively Hold in Abeyance is therefore denied. Consequentially, the plaintiff's Motion to Strike Defendants' First Amended Motion to Dismiss or Alternatively Hold in Abeyance is dismissed as moot.

**B.**     **Plaintiff's Motion for Leave of Court to File Motion for Default Judgment**

The plaintiff filed a Motion for Leave of Court to File Motion for Default Judgment on October 12, 2005, urging the Court to grant the Motion because "no Answer has been served on Plaintiff . . . 28 days since this Court's denial of Defendants' Motion to Dismiss [on September 13, 2005.]" (Pl.'s Mot. Leave of Ct. at 2.) The defendants' failure to timely answer, the plaintiff maintains, warrants the granting of the Motion and issuance of an Order for Default Judgment against the defendants.

The Court denies the plaintiff's Motion pursuant to Rule 55(e) of the Federal Rules of Civil Procedure, which provides:

---

[3] According to the defendants' First Amended Motion to Dismiss, filed three days after the Court issued its September 13, 2005 Order, the removal proceedings were initiated on August 19, 2005.

No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Fed. R. Civ. P. 55(e).

As previously ordered by the Court and agreed to by the parties, a bench trial will be conducted on November 15, 2005.  The purpose of the bench trial is to allow the plaintiff an opportunity to establish his entitlement to United States citizenship.  In other words, during the trial, the Court will consider the merits of the plaintiff's naturalization application, and issue a decision contingent upon the plaintiff prevailing in the removal proceedings.  As of now, prior to the bench trial, the plaintiff has not established a right to United States citizenship by evidence satisfactory to the court, the Motion is therefore denied.

**III.    Conclusion**

For the reasons stated above, the defendants' First Amended Motion to Dismiss or Alternatively Hold in Abeyance is DENIED; the plaintiff's Motion to Strike Defendants' First Amended Motion to Dismiss or Alternatively Hold in Abeyance is dismissed as MOOT; and the plaintiff's Motion for Leave of Court to File Motion for Default Judgment is DENIED.

SIGNED and ENTERED on the 4th day of November, 2005.

_Janis Graham Jack_

_____

Janis Graham Jack

United States District Judge